Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2467 | DATE | MARCH 12, 2003 |
| CASE TITLE | YOON JA KIM v. CONAGRA FOODS, INC., etc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion [48] is denied without prejudice. Defendant's motion [75] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice. The Clerk of the Court is further directed to enter judgment denying counterplaintiff's counterclaim without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 13 2003 date docketed | 83 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/12/03 date mailed notice | |
| CW | courtroom deputy's initials | 03 MAR 12 PM 4:46 Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOON JA KIM, ) | |
| ) | |
| Plaintiff, ) | |
| Counterdefendant, ) | |
| ) | |
| v. ) | No. 01 C 2467 |
| ) | |
| CONAGRA FOODS, INC., a Nebraska ) | |
| corporation, ) | |
| ) | |
| Defendant, ) | |
| Counterclaimant. ) | |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Yoon Ja Kim is the holder of U.S. Patent No. Re. 36,355 (the "'355 Patent"), which issued on October 26, 1999 as a reissue of U.S. Patent No. 5,510,129 (the "'129 Patent"). The '355 Patent is a patent for a potassium bromate replacer composition. Potassium bromate is used as an oxidizing agent for bread dough, but its use became less common after it was discovered to have caused cancer in laboratory animals. Plaintiff's composition is to be used as a substitute for potassium bromate. Plaintiff alleges that defendant ConAgra Foods, Inc. infringes her patent by using the composition in

producing certain types of Healthy Choice breads.[1]  Defendant has counterclaimed for a declaration that the '355 patent is invalid and/or that defendant has not infringed the '355 patent.

Defendant initially moved for summary judgment,[2] contending that the undisputed facts supported patent invalidity and infringement.  After that motion was fully briefed, summary judgment was entered against plaintiff in another one of her cases.  See Kim v. Earthgrains Co., 2002 WL 1949235 (N.D. Ill.

---

[1]This is not the only case in which plaintiff has alleged infringement of the '355 patent.  She has made such claims against other defendants as well.  See Kim v. Earthgrains Co., 2002 WL 1949235 (N.D. Ill. Aug. 22, 2002) (01 C 3895); Research Resources, Inc. v. Dawn Food Products, Inc., 2001 WL 1223556 (N.D. Ill. Oct. 11, 2001) (01 CV 1906).  See also Dawn Food Products, Inc. v. Kim, No. 02 C 73 (N.D. Ill.).

[2]Plaintiff has a Ph.D. in Food and Grain Science.  She has been repeatedly advised that, although she may be well-versed in the science related to her patent, she is not necessarily well-versed in legal procedures.  She, however, has chosen to proceed pro se.  As is required by Local Rule 56.2, defendant provided pro se plaintiff with notice as to how to respond to a summary judgment motion.  See Outlaw v. Newkirk, 259 F.3d 833, 841 (7th Cir. 2001); Jones v. Simek, 193 F.3d 485, 489 (7th Cir. 1999); Houston v. Sidley & Austin, 185 F.3d 837, 838 n.1 (7th Cir. 1999).  Additionally, the arguments contained in plaintiff's pro se summary judgment pleadings must be liberally construed.  See Forshey v. Principi, 284 F.3d 1335, 1357-58 & n.21 (Fed. Cir.), cert. denied, 123 S. Ct. 110 (2002); Greer v. Board of Education of Chicago, Ill., 267 F.3d 723, 727 (7th Cir. 2001); Kincaid v. Vail, 969 F.2d 594, 598-99 (7th Cir. 1992), cert. denied, 506 U.S. 1062 (1993).  Pro se plaintiff, however, is still required to point the court to the pertinent facts and the court is not obliged to scour the record and legal books for the fact or legal argument that may support plaintiff's case.  Greer, 267 F.3d at 727.  The court previously denied defendant's motion to strike portions of plaintiff's declaration, but nonadmissible evidence contained in the declaration will not be credited.

Aug. 22, 2002) ("Earthgrains"). Summary judgment was granted in that case based on the '355 patent being invalid because it was incorporated in breads that were on sale more than one year before the filing of the '129 patent. See 35 U.S.C. § 102(b). Defendant thereafter moved for summary judgment based on collateral estoppel. An appeal of the Earthgrains judgment is presently pending before the Court of Appeals for the Federal Circuit.

The law is well established that, where a patent has been found invalid in a case against an alleged infringer, an unrelated defendant may invoke collateral estoppel to bar a claim based on the same patent. Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc., 170 F.3d 1373, 1379 (Fed. Cir. 1999); Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1577 (Fed. Cir.), cert. denied, 513 U.S. 1018 (1994). In order to apply collateral estoppel, the following must be shown: "(1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and (4) the party defending against preclusion had a full and fair opportunity to litigate the issues." Jet, Inc. v. Sewage Aeration Systems, 223 F.3d 1360, 1366 (Fed. Cir. 2000).

All four elements for collateral estoppel apply in this case. Earthgrains also involved the '355 patent. The issue of

validity of the '355 patent was actually litigated and resolved on summary judgment. Holding that undisputed facts showed the '355 patent was invalid was an essential basis for granting summary judgment for Earthgrains and entering a judgment in its favor in the Earthgrains case. As to a full and fair opportunity to litigate, plaintiff asserts that discovery was not permitted in the Earthgrains case. She provides no evidence to support this assertion. In any event, defendant responds that plaintiff received the pertinent discovery in the present case and was able to present that evidence in response to the summary judgment motion in Earthgrains. Plaintiff does not dispute that she had an adequate opportunity for discovery through the present case. There is also no dispute that plaintiff had an adequate opportunity to respond to the summary judgment motion. Uncontested evidence supports that the necessary elements for applying collateral estoppel are present.

The primary focus of plaintiff's response to the collateral estoppel motion is to argue the merits of the invalidity issue and contend that the holding in Earthgrains is incorrect. That is not the issue for collateral estoppel. Plaintiff already had a full and fair opportunity to litigate the issue and lost. ConAgra is entitled to a judgment in the present case based on the judgment entered against plaintiff in the Earthgrains case. Should the judgment in Earthgrains be

overturned on appeal, plaintiff may timely move to reinstate the present case. See Fed. R. Civ. P. 60(b)(5).

Because summary judgment is being granted based on collateral estoppel, defendant's initial motion for summary judgment will be denied without prejudice. If the case is later reopened, defendant can move to renew that motion.[3] Since the present case is being resolved on collateral estoppel grounds, the court exercises its discretion to decline to enter a declaratory judgment on defendant's counterclaim. A judgment

---

[3]Defendant suggests the court nevertheless consider the merits of the initial summary judgment motion in the event that Earthgrains is reversed on appeal. Defendant contends this is a possibility because Earthgrains followed Vanmoor v. Wal-Mart Stores, Inc., 201 F.3d 1363, 1366 (Fed. Cir.), cert. denied, 531 U.S. 821 (2000). See also Evans Cooling Systems, Inc. v. General Motors Corp., 125 F.3d 1448, 1451 (Fed. Cir. 1997), cert. denied, 522 U.S. 1115 (1998); Benedict v. General Motors Corp., 184 F. Supp. 2d 1197, 1200 (N.D. Fla. 2002), appeal dismissed, 42 Fed. Appx. 466 (Fed. Cir. July 19, 2002). Defendant contends that the holding in Vanmoor that was relied upon is inconsistent with the Federal Circuit's holding in Beckson Marine, Inc. v. NFM, Inc., 292 F.3d 718, 726 (Fed. Cir. 2002), and therefore there is a possibility that the purported conflict will be resolved in a manner favorable to plaintiff. Beckson, however, is distinguishable from Vanmoor. In Vanmoor, as in Earthgrains, the plaintiff accused devises that were on sale both before and after the pertinent date for the application of § 102(b). In Beckson, however, at the point that the § 102(b) issue was raised, the plaintiff had already dropped the allegation that the prior art also infringed the patent at issue. In any event, it better serves judicial economy to presently dismiss the case based on collateral estoppel and only reach the merits of the other summary judgment motion if the Earthgrains judgment is subsequently overturned on appeal.

against plaintiff in this case and the <u>Earthgrains</u> case is sufficient to protect defendant's interests.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment based on patent invalidity and noninfringement [48] is denied without prejudice. Defendant's motion for entry of judgment based on collateral estoppel [75] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice. The Clerk of the Court is further directed to enter judgment denying counter-plaintiff's counterclaim without prejudice. If plaintiff wishes to appeal this order, she must file a Notice of Appeal to the United States Court of Appeals for the Federal Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH /2— , 2003