# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2467 | DATE | NOVEMBER 7, 2003 |
| CASE TITLE | YOON JA KIM v. CONAGRA FOODS, INC., etc. | | |

**MOTION:** [In the Following Box (A) Indicate the Party Filing the Motion, E.g., Plaintiff, Defendant, 3rd Party Plaintiff, and (B) State Briefly the Nature of the Motion Being Presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to schedule a claim construction hearing and other events [99] is granted in part and denied in part. By December 2, 2003, defendant shall file its fully supported motion for summary judgment based on its recapture defense. Plaintiff's answer is due on December 29, 2003. Defendant's reply is due January 13, 2004. Ruling will be by mail. An remaining discovery regarding experts is to be completed by December 31, 2003.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff and | | NOV 1 0 2003 date docketed | 104 |
| ✓ | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/7/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 1 0 2003

| | |
|---|---|
| YOON JA KIM, <br><br> Plaintiff, <br> Counterdefendant, <br><br> v. <br><br> CONAGRA FOODS, INC., a Nebraska corporation, <br><br> Defendant, <br> Counterclaimant. | No. 01 C 2467 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yoon Ja Kim is the holder of U.S. Patent No. Re. 36,355 (the "'355 Patent"), which issued on October 26, 1999 as a reissue of U.S. Patent No. 5,510,129 (the "'129 Patent"). The '355 Patent is a patent for a potassium bromate replacer composition. Potassium bromate is an oxidizing agent for bread dough, but its use became less common after it was discovered to have caused cancer in laboratory animals. Plaintiff's composition is to be used as a substitute for potassium bromate. In her Amended Complaint, plaintiff alleges that defendant ConAgra Foods, Inc. contributes to or induces infringement of the '355 patent by licensing others to produce certain breads under the ConAgra and Healthy Choice brand name using formulas containing ascorbic acid, food acid, flour and/or other

104

ingredients in the proportions set forth in claims 5 and 10 of the '355 patent. In its Answer to the Amended Complaint, which was filed on June 30, 2003, defendant contends there was no infringement and that it did not induce any infringement that might have occurred. Defendant also raises the affirmative defense of invalidity, including the allegation that "the '355 patent improperly seeks to recapture material surrendered in the course of prosecuting the original application." Def. Answer to Am. Compl. ¶ 23(i). Additionally, defendant counterclaims for a declaration of noninfringement and invalidity. Paragraph 5 of the Counterclaim incorporates ¶ 23 of the Answer.

On April 9, 2001, plaintiff, then proceeding pro se, filed this action. On May 4, 2001, defendant's motion to dismiss was denied and defendant was ordered to answer the original complaint. On May 30, 2001, defendant answered the complaint and filed its counterclaim. Although the answer to the original complaint raised the defense of invalidity, there was no allegation as to the recapture of surrendered claims. Plaintiff also has two other cases pending in this court in which she alleges the '355 patent has been infringed. See Research Resources, Inc. v. Dawn Food Products, Inc., 2001 WL 1223556 (N.D. Ill. Oct. 11, 2001) (No. 01 C 1906); Kim v. Earthgrains Co., 2002 WL 1949235 (N.D. Ill. Aug. 22, 2002) (No. 01 C 3895). Although involving similar claims, each case has a different defendant and the defendant in each case is represented by different counsel. A motion for relatedness that was filed in

the lowest numbered case was denied. See Dawn Food, 2001 WL 12223556 at *8-9. The recapture defense apparently has not been raised in either of the other cases. See Answer to Amended Complaint in 01 C 1906 [29] (Sept. 10, 2002); Joint Status Report in 01 C 3895 [37] (Sept. 19, 2003).

Discovery in this case was to have closed on December 11, 2001. On December 6, 2001, defendant presented its motion for summary judgment raising the issue of invalidity based on a lack of a written description. Plaintiff moved for an extension of discovery which was granted until January 11, 2002 and a briefing schedule on the summary judgment motion was set that took into account the extension of discovery. On plaintiff's motion, discovery was thereafter extended into February 2002. On February 8, 2002, defendant filed two more motions for summary judgment, one raising invalidity based on the on-sale bar and the other raising non-infringement. The two new motions were presented in court on February 13, 2002. At that hearing, defendant was admonished to consolidate all summary judgment issues that it desired to raise into a single motion. Defendant then withdrew the pending summary judgment motions.

On March 4, 2002, defendant filed a single summary judgment motion raising issues of patent invalidity and non-infringement. No issue was raised regarding the recapture of any claims. Briefing on the summary judgment motion was completed. However, prior to any ruling on that motion, summary judgment was granted in the Earthgrains case based on the on-sale bar. See

Kim v. Earthgrains Co., 2002 WL 1949235 (N.D. Ill. Aug. 22, 2002), rev'd, 2003 WL 731737 (Fed. Cir. March 4, 2003). Defendant thereafter raised the issue of collateral estoppel based on the judgment that had been entered in the Earthgrains case. Unbeknownst to this court, the Federal Circuit, in an unpublished order, had reversed the Earthgrains judgment a week before this court granted the motion based on collateral estoppel. See Kim v. ConAgra Foods, Inc., 2003 WL 1193322 (N.D. Ill. March 13, 2003). The judgment based on collateral estoppel was promptly vacated and the court thereafter ruled on the issues raised in the summary judgment motion, construing the pertinent claims of the '355 patent and denying summary judgment based on the issues raised in defendant's motion. See Kim v. ConAgra Foods, Inc., 2003 WL 21222266 (N.D. Ill. May 23, 2003) ("ConAgra II"). No issue had been raised based on the recapture of any claim.

A few weeks prior to the ruling on summary judgment, plaintiff had retained counsel who filed an appearance on her behalf. At the first status hearing following the summary judgment ruling, plaintiff was granted leave to file an amended complaint to be drafted by her attorneys and the discovery period was extended to September 30, 2003. The Amended Complaint that was thereafter filed did not raise any new issues other than to expressly allege that defendant was accused of inducement. In ruling on summary judgment, the direct infringement claims were dismissed and the pro se complaint had been construed as

including a claim for inducement. See Con Agra II, 2003 WL 21222266 at *3. On June 30, 2003, in its Answer to the Amended Complaint, defendant raised the recapture issue for the first time.

At the first status hearing following the close of renewed discovery, defendant moved for a schedule as to a claim construction hearing and also for leave to file a new motion for summary judgment raising the issue of invalidity based on recapture.[1] Plaintiff opposes both aspects of the motion, instead requesting that, as a prelude to trial, a date be set for filing the final pretrial order.

It is within the court's discretion as to whether or not to consider a successive summary judgment motion. Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995), cert. denied, 529 U.S. 1075 (2000); Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001); Divane v. Krull Electric Co., 2002 WL 31844987 *1 (N.D. Ill. Dec. 18, 2002); Blistex, Inc. v. Circle Laboratories, Inc., 2001 WL 388884 *1 (N.D. Ill. April 12, 2001), aff'd by unpublished order, 34 Fed. Appx. 744, 2002 WL 972204 (Fed. Cir. May 7, 2002). Especially good reasons for permitting

---

[1] Defendant also raised an issue as to further discovery from plaintiff which has apparently been resolved by the parties. Additionally, defendant makes reference to possible discovery related to a court-appointed expert. Although the parties were previously required to submit nominees for a court-appointed expert in the event one would be needed, subsequent consideration of defendant's summary judgment motion indicates that, at the present, the issues are not so technically complex as to require a court-appointed expert.

a successive summary judgment motion include "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." Whitford, 63 F.3d at 530 (quoting Kern-Tulare Water District v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part, rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988)). Other good reasons may exist as well. Avoiding an unnecessary trial by instead resolving the case on summary judgment could be a good reason. Nappier v. Allstate Insurance Co., 1992 WL 121361 *1 (N.D. Ga. April 23, 1992).

Here, the more compelling reasons for considering successive summary judgment motions do not exist. The recapture issue that defendant would raise at this time could also have been raised when summary judgment motions were first filed in late 2001 and early 2002. There has been no intervening change of law nor is the motion based on any evidence that was subsequently revealed during further discovery. There is also no contention that the prior summary judgment ruling was in error. Instead, despite the fact that defendant was admonished to raise all issues in a single summary judgment motion, defendant now seeks to raise an issue that was omitted from its prior motion.

Although defendant is at fault for failing to raise the recapture issue earlier, if the case can be resolved on a summary judgment motion that would be substantially less expensive than preparing for and going to trial, it would be in the best

interests of both the parties and judicial economy. However, if the motion is considered and denied, it would instead result in additional expenses for the parties, additional expenditure of judicial resources, and delay. Thus, the lower the costs of considering the summary judgment motion; the greater the difference between the costs of going to trial and the costs of proceeding with summary judgment; and the greater the likelihood that the motion will be granted, the greater the weight favoring allowing defendant to file a successive summary judgment motion.

The parties provide no specific information regarding the expenses of summary judgment compared to going to trial. It may be presumed that summary judgment procedures would be less expensive. Additionally, the motion would go to only one defense and therefore should not be particularly complicated. As a means of promoting efficiency, defendant is advised in advance that it will not be permitted to file an oversized brief. On the other hand, it is possible that not permitting defendant to file the successive motion would ultimately tax less resources because the pressure and expenses of preparing for trial could instead lead to a quick resolution through settlement. However, prior indications are that the parties are not likely to settle. As to the expense of trial, this case apparently will involve expert witnesses and may involve substantial facts. It may be more expensive to try than the average trial. Since there could be a substantial savings of expenses for the parties and judicial resources if the case is resolved on summary judgment, it would

be appropriate to permit a successive summary judgment motion if there is a significant possibility that the case would be resolved on summary judgment. Additionally, issues are often better resolved in the contemplative mode of a summary judgment motion that the more time pressured mode of resolving legal issues at trial. Also, having a summary judgment ruling available can aid in resolving legal issues and jury instructions at trial.

Several external factors indicate that defendant is not likely to succeed on its proposed summary judgment motion. First, if the defense was so strong, why did defendant fail to raise it despite raising a number of other issues in its prior summary judgment motion and being admonished to include all issues in a single motion? Second, not only did defendant fail to raise this defense on summary judgment, it was not until its recent Answer to the Amended Complaint that defendant first raised this issue at all. Third, the defense has not been raised by the defendants in the other two cases involving alleged infringement of the same patent.

> The recapture rule "prevents a patentee from regaining through reissue the subject matter that he surrendered in an effort to obtain allowance of the original claims." [In re] Clement, 131 F.3d [1464,] 1468 [(Fed. Cir. 1997)]. Reissued claims that are broader than the original patent's claims in a manner directly pertinent to the subject matter surrendered during prosecution are impermissible. Id. (quoting Mentor [Corp. v. Coloplast, Inc.], 998 F.2d [992,] 996 [(Fed. Cir. 1993]). Application of the recapture rule is a three-step process. The first step is to "determine whether

> and in what 'aspect' the reissue claims are
> broader than the patent claims." Id. "The
> second step is to determine whether the broader
> aspects of the reissued claim related to
> surrendered subject matter." Id. Finally, the
> court must determine whether the reissued claims
> were materially narrowed in other respects to
> avoid the recapture rule. Hester [Industries,
> Inc. v. Stein, Inc.], 142 F.3d [1472,] 1482-83
> [(Fed. Cir.), cert. denied, 525 U.S. 947 (1998)];
> Clement, 131 F.3d at 1470.

Pannu v. Storz Instruments, Inc., 258 F.3d 1366, 1370-71 (Fed. Cir. 2001). "[T]he recapture doctrine . . . prevents an applicant from recapturing through reissue matter surrendered to overcome a rejection based on prior art." In re Doyle, 293 F.3d 1355, 1358 (Fed. Cir. 2002). The burden would be on defendant to establish by clear and convincing evidence that the reissued '355 patent was invalid because it improperly recaptured subject matter. See Superior Fireplace Co. v. Majestic Products Co., 270 F.3d 1358, 1367 (Fed. Cir. 2001); Pannu v. Storz Instruments, Inc., 106 F. Supp. 2d 1304, 1306 & n.3 (S.D. Fla. 2000), aff'd, 258 F.3d 1366 (Fed. Cir. 2001); United States Filter Corp. v. Ionics, Inc., 68 F. Supp. 2d 48, 53, 72 (D. Mass. 1999); Minuteman International, Inc. v. Critical-Vac Filtration Corp., 1997 WL 370204 *6 (N.D. Ill. June 27, 1997), aff'd by unpublished order, 152 F.3d 947 (Fed. Cir. 1998).

Defendant contends that the recapture issue it attempts to raise is resolvable on summary judgment because whether a reissued patent violates the reissue rules of 35 U.S.C. § 251 is a question of law. However, while that is true, it is also true

that this legal conclusion may involve underlying findings of fact. Pannu, 258 F.3d at 1370; Hester, 142 F.3d at 1479; Clement, 131 F.3d at 1468. "An attorney's failure to appreciate the full scope of the invention qualifies as an error under section 251 and is correctable by reissue." Clement, 131 F.3d at 1468. However, "deliberate withdrawal or amendment cannot be said to involve the inadvertence or mistake contemplated by 35 U.S.C. § 251." Id. (quoting Haliczer v. United States, 174 Ct. Cl. 507, 356 F.2d 541, 545 (1966)). Thus, in finding surrender at step two of the recapture analysis, it must be found that the applicant's amendment constituted "an admission that the scope of that claim was not in fact patentable," Clement, 131 F.3d at 1469 (quoting Seattle Box Co. v. Industrial Crating & Packing, Inc., 731 F.2d 818, 826 (Fed. Cir. 1984)), that is the pertinent subject matter was intentionally withdrawn. Clement, 131 F.3d at 1469 (citing Haliczer, 356 F.2d at 545). While the prosecution history will be the primary or only evidence for such a finding, Clement, 131 F.3d at 1469, whether an intentional surrender has occurred may be a question of fact. See Hester, 142 F.3d at 1481; Clement, 131 F.3d at 1469.

Defendant contends the reissued '355 patent is invalid under the recapture rule because the original '129 patent contained narrowed food acid ranges intended to distinguish the '129 patent from prior art, but that the reissued '355 patent rebroadened the food acid ranges. Defendant also contends the original '129 patent contained phosphate in each claim as a means

of distinguishing it from the prior art, but the reissued '355 patent contains some claims, including the ones at issue in the present case, that do not include phosphate. Without any specifics, plaintiff contends the reissued '355 patent does not recapture any subject matter that had been previously rejected because of prior art. She also contends, again without any specifics, that factual disputes would exist regarding whether she intentionally surrendered any subject matter.[2]

Steps one and three are legal issues that can be resolved on summary judgment. Whether they would be resolved in favor of defendant or plaintiff cannot be readily determined on the parties' limited presentations. As previously noted, the delays in raising this defense indicate it would be resolved against defendant. Also, as is noted in defendant's brief and illustrated by defendant's Exhibit R, the recaptured lower range of food acid at most went from 200 ppm to 150 ppm. That is still substantially separated from the cited prior art upper range of 60 ppm. At least at first glance, that would not appear to be an alteration material to distinguishing the prior art. But, perhaps it would be and there is also the purported recapture of '355 patent claims that do not include phosphates. At step two, there may be factual issues of intent that cannot be resolved on

---

[2]There is no contention by plaintiff that the recapture defense has been waived because defendant did not raise it until recently or that plaintiff has been prejudiced by any delay in that she would need additional discovery to respond to this defense.

summary judgment. That issue, though, will largely be resolved based on the limited record of prosecution history. It may be that a reasonable factfinder could draw only one reasonable inference as to intent.[3] While it cannot presently be found that defendant is likely to succeed on its recapture defense, it also cannot be found that there is no significant possibility of success. Since ruling on this issue may also be helpful to resolving this issue at trial and since there is some chance of success, defendant will be permitted to move for summary judgment on this issue. In responding, if plaintiff believes it is appropriate, she may cross move for summary judgment dismissing the recapture defense. A relatively short briefing schedule will be set.

The other question is whether, prior to the filing of the final pretrial order, the court should further construe the '355 patent and, if necessary, hold a claim construction hearing. First, neither party points to any factual dispute that need be resolved in order to construe the patent. Therefore, a need for any hearing does not appear likely. But even if any relevant factual disputes exist, the evidence presented at trial would be available prior to any final decision being made regarding the construction of the patent.

---

[3]To the extent plaintiff or defendant relies on evidence outside the prosecution history, she or it should cite case law supporting that such evidence may appropriately be considered.

Defendant contends it should be determined in advance of the pretrial order whether infringement of the '355 patent requires a showing that the pertinent ingredients, as used in the accused products, function as an oxidant and whether it must also be shown that the infringers used the ingredients for this purpose. Defendant contends its defense will differ depending on the rulings as to those two issues. Defendant also contends the manner of measuring the pertinent ingredients of the '355 patent needs to be construed. Additionally, defendant contends the meaning of "consisting essentially of" needs to be construed.

As to the last issue, that term has previously been construed. See ConAgra II, 2003 WL 21222266 at *8. As to the other issues, it does not appear that they need be resolved prior to filing the final pretrial order. It is doubted that defendant will incur any significant additional expense by not having these issues considered prior to preparing the final pretrial order. Instead, the expense and delay of separately briefing and ruling on those issues may well outweigh any potential savings. In general, claim construction at trial largely consists of appropriately instructing the jury. A final determination as to jury instructions is best made after (or, more practically, just prior to) completion of the presentation of evidence. There is no need to brief these issues separate from the final pretrial order. Also, prior to trial, a pretrial conference would likely be held at which outstanding issues (including objections to exhibits, objections to witnesses, and motions in limine) will be

resolved. Any issues as to claim construction should be reflected in the parties' proposed jury instructions and/or trial memoranda as may be appropriate, or even motions in limine if appropriate. Some of the construction issues may also arise in briefing the recapture issue.

In the meantime, the parties shall also complete any outstanding discovery as to experts.

IT IS THEREFORE ORDERED that defendant's motion to schedule a claim construction hearing and other events [99] is granted in part and denied in part. By December 2, 2003, defendant shall file its fully supported motion for summary judgment based on its recapture defense. Plaintiff's answer is due on December 29, 2003. Defendant's reply is due January 13, 2004. Ruling will be by mail. Any remaining discovery regarding experts is to be completed by December 31, 2003.

ENTER:

*William T. Hort*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 7, 2003